## Case No. 2,820.

### CLARK v. FORD.

[1 Hayw. & H. 6.] [1]

Circuit Court, District of Columbia. Jan. 12, 1841.

TRIAL — ELECTION OF PLEA — REFUSING INSTRUCTIONS—LIBEL—CANDIDATE FOR OFFICE—PROBABLE CAUSE.

1. A motion compelling the defendant to elect on which plea he will go to trial, allowed.

2. On a difference of opinion between two judges sitting on the bench, the court will refuse to give the instructions as prayed.

3. Where a paper was written for the purpose of preventing the reappointment of a party to office, and stating that his general reputation and character were such as to make him unfit for such appointment, and there was reasonable or probable cause for writing the said paper, it was *held*, that the plaintiff could not recover in an action for libel.

At law. Trespass on the case for libel.

The declaration claims damages for injury received by the plaintiff. The defendant [Thomas Ford] pleaded not guilty and justification.

---

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

Brent & Brent, for plaintiff.
Joseph H. Bradley, for defendant.

This is an action of trespass on the case brought by John D. Clark, a justice of the peace for the county of Washington, whose office was about to expire, against the defendant, for libel. The case will appear in the bills of exceptions.

On motion made by the counsel for the plaintiff as to which plea the defendant would elect to go to trial, the plea of not guilty was stricken out, and the plaintiff joined issue. Upon the trial of the issue joined in this cause, the plaintiff, to maintain and prove the said issue on his part, gave in evidence a certain written paper addressed by the defendant to the president of the United States, and it was admitted by the said defendant that he wrote the said paper, and laid it before the said president; and the plaintiff further proceeded to show that the words set out in his said declaration are contained in said paper writing, and further that said John D. Clark was not renominated to office when his term of service expired, and the said plaintiff here rested his proof. Whereupon the defendant, by his counsel, did then and there pray the said court to instruct the jury, that the plaintiff was not entitled to recover in this action upon the evidence aforesaid, and the two judges then upon the bench did differ in opinion as to the law, and did therefore refuse to give the said instructions so prayed for by the counsel of the said defendant. For which refusal the counsel for the defendant excepted.

On the further trial of this cause, the plaintiff further, to maintain the issue on his part joined, offered evidence tending to show that the said defendant, before the presentation of the said paper to the president, threatened to have the said plaintiff broke if it cost him $20,000 to do so; that his character was not as represented in said paper.

Thereupon the defendant gave evidence to show that it was; and also that a great many other citizens of Washington united in an address to the president praying that the said Clark should not be renominated to the office of justice of the peace, his commission being about to expire. And the plaintiff then offered evidence that a majority of the citizens of the Second ward, with whom the witness had conversed on the subject, appeared to be desirous that the said Clark should be re-appointed to said office, and that he knew many of the most respectable citizens of said ward were in favor of it.

Thereupon the said defendant, by his counsel, did then and there pray the court to instruct the jury that if, from the evidence aforesaid, the jury shall be of the opinion that the said paper was written by the defendant to the president for the purpose of preventing the re-appointment of the said plaintiff to the office of justice of the peace, and if they shall further find that his general reputation and character was such as to make him unfit for such appointment, and also that there was reasonable or probable cause for the said defendant to write the said paper to the said president with the intent aforesaid, then the said plaintiff is not entitled to recover. And the said plaintiff, by his said counsel, then and there objected to the granting of the said instructions so as aforesaid prayed for, and on the part of the said defendant prayed the court to instruct the jury that, if the jury believe the defendant published the alleged libel, and that the defendant has failed to justify the same, then the plaintiff is entitled to recover, if the defendant maliciously or without probable cause published the alleged libel; which instructions prayed for on the part of the plaintiff were refused and the instructions prayed for on the part of the defendant, as aforesaid, were granted by the court, which refusal of the prayer of the plaintiff and granting of the prayer of the defendant were excepted to on the part of the plaintiff.

Verdict for the plaintiff. Damages, $900.

Joseph H. Bradley, for the defendant, moved for a new trial for the following reasons: That the verdict was against the evidence; that the verdict was against the law; on the ground of newly discovered evidence; that the damages given by the jury were excessive.

The motion was argued by counsel on both sides, and overruled by the court.